IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hayward Leon Rogers, #278510, ) | C/A No. 8:06-3058-MBS-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | **OPINION AND** |
| v. ) | **ORDER** |
| ) | |
| ) | |
| City of West Columbia; West Columbia ) | |
| Police Department; John Dollar, of West ) | |
| Columbia Police Department; Jason ) | |
| Amodio, of West Columbia Police ) | |
| Department; Donald Myers, Solicitor; ) | |
| William Y. Rast, Esq.; and Wendy Frazier, ) | |
| of West Columbia Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Hayward Leon Rogers is an inmate in the custody of the South Carolina Department of Corrections. He is currently housed at McCormick Correctional Institution in McCormick, South Carolina. Appearing *pro se*, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights in various respects.[1]

---

[1] Plaintiff's claims arise from his 2001 convictions in Lexington County for strong armed robbery, assault and battery with intent to kill, and criminal sexual conduct. Plaintiff asserts that law enforcement officers from the West Columbia Police Department violated his civil rights by illegally arresting and falsely imprisoning him, unlawfully seizing a blood sample without his consent, and subjecting him to custodial interrogation without informing him of his Miranda rights. Complaint, 3, 6-7 (Entry 1-3). Plaintiff also alleges that his trial counsel was ineffective and that the state solicitor engaged in prosecutorial misconduct. Id. at 3-6.

1

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge reviewed the *pro se* complaint pursuant to the provisions of 28 U.S.C. § 1915 and filed a Report and Recommendation on October 27, 2006. See Report and Recommendation (Entry 5). The Magistrate Judge recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. Id. at 12-13. Plaintiff filed objections to the Report and Recommendation on November 13, 2006. Objections to the Report (Entry 6).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

The court has reviewed Petitioner's objections to the Report and Recommendation of the Magistrate Judge. The majority of Petitioner's arguments do not raise specific objections to the Magistrate Judge's findings, but instead repeat the allegations of his complaint. See, e.g., Objections to the Report, 3 ("The [p]laintiff has substantiated factual support that he was denied protection of his civil liberties by the state forcefully taking his blood without consent and without a court order . . . ."); id. ("Plaintiff has substantiated supportive evidence that he was illegally arrested without being advised of his Miranda rights . . . in violation of his Fifth and Fourteenth Amendments [sic]

to the Untied States Constitution."); id. at 3-4 ("The warrants issued to arrest the plaintiff do not meet constitutional standards and are in violation of state and federal laws[.] [T]he person issuing the warrants was not a judge or magistrate, was not neutral and detached, and did not have judicial authority or jurisdictional authority."). Even if the court construed these statements as objections to the Report and Recommendation, at most, they would be the type of general and conclusory objections that do not warrant the court's response. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations, the court need not conduct a de novo review).

Petitioner does appear to raise one substantive objection to the Magistrate Judge's finding that the action was barred by Heck v. Humphrey, 512 U.S. 477 (1994).[2] Plaintiff argues that he "did not file this '1983' actions [sic] because his conviction was unconstitutional, he filed the '1983' action because he was deprived of federal civil rights that lead [sic] to his being arrest [sic] and convicted because he was denied due protection of federal law and has a right to be compensated for those injuries," Objections to the Report, 1-2; thus, according to Plaintiff, his § 1983 claims are not Heck-barred. The court disagrees.

---

[2] Plaintiff's argument that the Magistrate Judge lacks subject matter jurisdiction lacks merit. See 28 U.S.C. § 636(b)(1)(A) ("Notwithstanding any provision of law to the contrary a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.").

3

In Heck v. Humphrey, the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87. In so doing, the Court mandated, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

In the instant matter, Plaintiff contends that Defendants denied him his constitutional rights by illegally arresting and falsely imprisoning him, unlawfully seizing a blood sample, and improperly withholding evidence.[3] A finding for Plaintiff on any of these claims sufficient to constitute a claim under § 1983 would necessarily implicate the validity of Plaintiff's conviction. See Young v. Nickols, 413 F.3d 416, 418 (4th Cir. 2005) (citing Heck, 512 U.S. at 486) (stating that a "damages

---

[3] Plaintiff's complaint included allegations that his trial counsel was ineffective and that the state solicitor engaged in prosecutorial misconduct, see Complaint, at 3-6; however, these claims are not cognizable under § 1983. To state a cause of action under § 1983, a plaintiff must allege that (1) the named defendant deprived him of a federal right, and (2) the defendant did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Defendant Rast, Plaintiff's trial attorney, is not a proper defendant because he was not acting under color of state law. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976). Plaintiff also fails to state a valid claim against Defendant Myers, the solicitor who prosecuted Plaintiff, because Myers enjoys absolute prosecutorial immunity for his participation in judicial proceedings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Accordingly, Defendants Rast and Myers are entitled to summary dismissal.

4

claim that would 'necessarily require [plaintiff] to prove the unlawfulness of his conviction or confinement' cannot be brought under § 1983"). Were the court to suppress the blood sample which Plaintiff claims was the product of an illegal search and seizure, such suppression would invalidate the underlying criminal conviction because the blood sample was a crucial piece of evidence establishing Plaintiff's guilt. See Ballenger v. Owens, 352 F.3d 842, 846 (4th Cir. 2003) (finding that the suppression of drugs seized during a challenged search would necessarily imply the invalidity of the criminal conviction because the "cocaine seized was uniquely available from the alleged illegal search, and if it were suppressed as evidence, there would be no evidence to convict [the defendant] for drug trafficking").[4] In the court's view, no right of action has yet accrued since Plaintiff's convictions have not yet been reversed or otherwise called into question. Accordingly, summary dismissal is appropriate because Plaintiff fails to state a claim against Defendants on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

After thoroughly reviewing the Report and Recommendation in its entirety and the applicable case law, the court finds no error in the Report and Recommendation. Accordingly, the court adopts

---

[4] Plaintiff relies on the Supreme Court's statement in footnote 7 of Heck in arguing that some suits for damages under § 1983 do not necessarily imply that the conviction is unlawful "[b]ecause of doctrines like independent source and inivitable [sic] discovery," Objections to the Report, 2; nevertheless, this argument is not tenable under the Fourth Circuit's interpretation of footnote 7. See Ballenger, 352 F.3d at 846 ("But this hypothesis in footnote 7 does not provide a blanket protection for all § 1983 damage suits alleging an unreasonable search. When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would *necessarily* invalidate the criminal conviction, the stated principle of Heck would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983.") (citing Heck, 512 U.S. at 489).

5

the Report and Recommendation and incorporates it herein by reference.  This case is summarily dismissed without prejudice and without issuance of service of process.  Furthermore, because Plaintiff has sought monetary damages from Defendant Myers despite his absolute immunity, this case is deemed a strike under 28 U.S.C. § 1915(g).  See 28 U.S.C. § 1915A(b)(2).

**IT IS SO ORDERED**.

       /s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

August 13, 2007
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**